**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LOGAN & LOWRY, LLP, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-CV-429-JED-TLW |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| INTERIOR, OFFICE OF INSPECTOR ) | |
| GENERAL; OFFICE OF SURFACE MINING, ) | |
| RECLAMATION & ENFORCEMENT, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**I.     The FOIA Requests and Responses**

This action involves three Freedom of Information Act (FOIA) requests submitted by the plaintiff, Logan & Lowry, LLP, to defendants, United States Department of the Interior, Office of the Inspector General (OIG) and the Office of Surface Mining, Reclamation & Enforcement (OSM) on March 25, 2014. Those requests sought information related to (1) investigations of Mark Secrest and Caroline Carman, (2) an investigation of Ervin Barchinger, and (3) a Final Inspection Report number IU-IS-OSM-0002-2013. (Doc. 2-1).[1] The government received the plaintiff's FOIA requests on March 26, 2014.

As to the request relating to ODM employees Secrest and Carman, the OIG searched its investigations database with key terms provided in plaintiff's FOIA request: "Mark Secrest," "Secrest," "Caroline Carman," "Carman," "CIV-11-428-FHS," and "misuse of federal grant money." The OIG determined that it did not have any responsive documents and sent a letter on

---

[1] Secrest and Carman were employees of the Oklahoma Department of Mines (ODM). Barchinger was an employee of the OSM.

March 27, 2014 so advising the plaintiff. (*See* Doc. 17-1 at ¶ 6; Doc. 17-2). On the same date, the OIG advised the plaintiff that the OIG was unable to respond to the other two FOIA requests – regarding Barchinger and the Final Inspection Report – within the 20 workday FOIA time limit because of a "backlog of requests," such that those two requests were being placed on the "complex" track and would take more time, up to 60 days. (Doc. 17-3, 17-4).

In response to the summary judgment motion, the plaintiff asserted that it did not receive the March 27 OIG letters. In reply, the OIG produced copies of emails, which attached the March 27 letters and were directed to the email address of counsel for the plaintiff, as was expressly contemplated in plaintiff's FOIA requests. (*See* Doc. 20-1 at 5-7; Doc. 2-1 at 2, 4, 7). The OIG also provided evidence that the emails were sent and that there were no "delivery failure" or "delayed delivery" responses to indicate that the emails were not properly delivered to the plaintiff. (Doc. 20-1 at 2, ¶ 4). The record does not indicate any effort by the plaintiff to communicate with the agencies either about a failure to respond, or a delay in response, to plaintiff's FOIA requests. Instead, plaintiff filed this lawsuit on July 25, 2014.

After the lawsuit was filed, and before the United States entered an appearance on behalf of the OIG and the OSM, OIG located over 2,000 pages of documents responsive to the Barchinger investigation and the Final Inspection Report. Those documents were provided on a CD by mail to the plaintiff on September 25, 2014. (*See* Doc. 17-5, 17-6). The United States subsequently entered an appearance in this suit and moved for summary judgment, asserting that it had satisfied its obligations as to the FOIA requests.

In response to the summary judgment motion, the plaintiff provided information (*see* Doc. 19-1, 19-2) which informed the OIG that the "investigation" referenced in the plaintiff's FOIA requests relating to Secrest and Carman may have instead been a "referral." The OIG had

not conducted any "investigation" regarding the Secrest and Carman issues, but made a referral of assertions regarding them. The OIG then searched for all referrals with a date between September 1, 2013 and December 11, 2013, which identified 118 referrals during that time-frame. The OIG then completed a manual review of the 118 referral case files and located a referral relating to Secrest and Carman. That referral file contained only 26 pages, which consisted of the complaint and its attachments, the acknowledgement of the complaint, and two referral letters. That file was disclosed to the plaintiff on approximately October 29, 2014. (Doc. 20-1).

## II.     FOIA Standards

Under FOIA, a private party is entitled to copies of a federal agency's records upon making a request that "'reasonably describes such records' and that complies with required procedures for such requests." *Trentadue v. Federal Bureau of Investigation*, 572 F.3d 794, 796 (10th Cir. 2009) (quoting 5 U.S.C. § 552(a)(3)(A)). "When a request is made, the agency ordinarily must 'determine within 20 [business] days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor. . . .'" *Id.* at 796-97 (quoting 5 U.S.C. § 552(a)(6)(A)(i)). "If the agency decides not to comply, the requester can seek relief in federal court," and the district courts have "'jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Id.* at 797 (quoting 5 U.S.C. § 552(a)(4)(B)).

In determining "how hard an agency must look to find requested records," the Tenth Circuit applies a standard of reasonableness. *See Trentadue*, 572 F.3d at 797. That is, an agency shall make "reasonable efforts" to search for the records. *Id.* "[T]he focal point of the judicial

inquiry is the agency's search process, not the outcome of its search." *Id.* Thus, "'[t]he issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate, . . . [which is determined under] a standard of reasonableness, and is dependent upon the circumstances of the case.'" *Id.* (quoting *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). The reasonableness of the agency's search depends on whether the search was likely to yield the information sought, the existence of alternatives that are readily available, and the burden of employing alternative searches. *Trentadue*, 572 F.3d at 798. To establish the reasonableness of its search, an agency "may rely on affidavits or declarations that provide reasonable detail of the scope of the search" and, absent "countervailing evidence or apparent inconsistency of proof, such affidavits will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id.* (quoting with approval *Rugiero v. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001)).

### III. The Agency Searches were Reasonable

Although plaintiff complains about the defendants' productions of records in response to the FOIA requests, and the time delay in the productions, those records were produced without the requirement of any court order. Ultimately, the defendants were not ordered to produce any additional documents, and the Court found selected redactions to have been proper.

The OIG's initial search did not locate any responsive documents relating to the referral of the Secrest and Carman issues. However, after plaintiff's summary judgment response provided additional information suggesting that those issues might have been the subject of a referral to another agency, the OIG then completed a manual review of 118 referral case files, located a few documents, and promptly disclosed them to the plaintiff. The OIG has provided an affidavit with the search terms that were utilized in the initial search (Doc. 20-1 at 2, ¶ 4), and

4

those terms were reasonably designed to capture any files that may have related to Secrest and Carman. There is no genuine dispute as to whether the defendants have produced the records that were responsive to plaintiff's FOIA requests.

It is true that, in producing information in response to plaintiff's FOIA requests, the OIG did not meet FOIA's 20-day deadline. However, a few days after receiving plaintiff's requests, the OIG notified the plaintiff that additional time, beyond 20 workdays, would be needed to respond to the requests relating to Barchinger and the Final Inspection Report. In addition, the documents relating to Barchinger and the Final Inspection Report were produced to plaintiff before the United States entered an appearance in this action, and the Court has not ordered the production of any additional documents. Numerous courts have concluded that, once an agency has produced requested records, even belatedly, the plaintiff's FOIA claim becomes moot, and the tardy production does not preclude a governmental agency from obtaining summary judgment or dismissal. *See, e.g., Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Walsh v. United States Dep't of Veterans Affairs*, 400 F.3d 535, 536-37 (7th Cir. 2005); *Information Network for Resp. Mining v. Department of Energy*, No. 06-CV-2271-REB-CBS, 2008 WL 762248, *2-3 (D. Colo. Mar. 18, 2008); *see also Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) ("Defendants correctly cite authority for the proposition that the production of all nonexempt material, 'however belatedly,' moots FOIA claims.").

Plaintiff "does not deny that its Complaint may now be moot following defendants' production throughout these proceedings." (Doc. 39). As a result, summary judgment should be entered in favor of the defendants, as there is no genuine dispute of material fact, and the defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

**IV.     An Award of Attorney Fees is Unwarranted**

Plaintiff seeks an award of attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E), which provides that the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  "[A] complainant has substantially prevailed if the complainant has obtained relief through either -- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.*, § 552(a)(4)(E)(ii).

A plaintiff "applying for FOIA attorney's fees . . . must first establish that [the plaintiff] is eligible for an award by showing that [it] 'substantially prevailed' on [its] claim." *Anderson v. Secretary of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996).  Plaintiff asserts that it substantially prevailed because United States Magistrate Judge T. Lane Wilson ordered the production of a *Vaughn* index of 20% of the records withheld and conducted a review of certain records.  (*See* Doc. 39 at 2, ¶ 2).[2]  However, a *Vaughn* index is simply "an often-employed means for reviewing [an] agency decision," *Anderson*, 907 F.2d at 942, and there has not been any court order, enforceable written agreement, or decree that brought about any production. There is no evidence that the production of records was the result of any change in position by the government.  The United States has produced evidence that the OIG's production of records was pursuant to its usual procedures.

---

[2]     A "*Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health and Human Servs.*, 907 F.2d 936, 940, n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

Although Judge Wilson ordered the production of a *Vaughn* index at the plaintiff's request, that did not result in an order for the production of any additional records to the plaintiff. Judge Wilson also ordered that the government submit, for *in camera* review, the first 50 pages of an exhibit that had been redacted. After reviewing the documents in their unredacted form, Judge Wilson found that the "redactions were proper. . . ." (Doc. 35). Accordingly, the plaintiff has not shown that it substantially prevailed on its FOIA claim.

Even if plaintiff had substantially prevailed and had thus shown eligibility for an award of fees and costs, the Court would find that plaintiff is not entitled to such an award under applicable law. The award of fees under 5 U.S.C. § 552(a)(4)(E) is not required, but is discretionary with the district court. *Anderson*, 80 F.3d at 1504 (citing *Aviation Data Serv. v. FAA*, 687 F.2d 1319, 1321 (10th Cir. 1982)). If a plaintiff establishes entitlement, "the court next determines whether a fee award is otherwise justified, using as a guide the following four factors: '(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law.'" *Id.* (quoting *Aviation Data*, 687 F.2d at 1321).

While the plaintiff claims a public benefit, it does not explain how any alleged benefit was actually derived from the case. Without such a record showing, the denial of fees is appropriate. *See Western Energy Alliance v. United States Fish & Wildlife Serv.*, 608 F. App'x 615, 618 (10th Cir. 2015) (affirming denial of fee award where evidence did not support public, as opposed to private, benefit). "Where the plaintiff seeks disclosure of material for commercial purposes, attorney fees may be awarded only on a positive and clear showing of substantial public benefit. Minimal, incidental, and speculative public benefit will not suffice." *Aviation*

7

*Data*, 687 F.2d at 1323. There is evidence that the plaintiff, a law firm, sought the documents in connection with a years-long legal battle involving one of its clients – Farrell-Cooper Mining Co. – against defendant OSM, from which the law firm has unquestionably obtained a commercial benefit. (*See* Doc. 38 at 9).

As to the third factor, plaintiff has not described its own interest in the records sought, and the Court accordingly has no information on which to find that third factor in favor of the plaintiff. The Court disagrees with plaintiff's assertion that the government's conduct was without reasonable basis in the law, such that an award would also be inappropriate under the fourth factor. As noted, Judge Wilson did not order the production of additional records, and he found that certain redactions were warranted, rather than contrary to the law. The Court finds that an award of fees is not justified in this case.

**V.     Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment (Doc. 17) is **granted**, and the plaintiff's motion for fees and costs (Doc. 36) is **denied**. In light of this order, the reference of the motion for fees and costs (Doc. 36) is **withdrawn**.

SO ORDERED this 22nd day of March, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE